32010310 people of the state of Illinois Eppley versus Brett G. Railey, appellant. Mr. Stone, you may proceed. Turn your audios off. May it please the court. My name is Jed Stone. I represent the appellant Brett Railey. The facts of this case, though tragic and heartbreaking, are not legally complicated. A 17 year old boy committed a horrible crime. There was a stipulated bench trial after which he was found guilty. And the trial judge sentenced him to 250 year consecutive sentences and a 50 concurrent sentence for an aggregate number of 100 years. This court on direct appeal recognized that the term should be served at 50% and not 85% as Judge Shore had set. And so Brett Railey, a 17 year old boy began life in prison for 50 years a de facto life sentence. The law changed. Miller and Buffer came down, the Illinois legislature passed a youthful offender sentencing statute. And so Mr. Railey filed a post conviction petition, which was allowed and granted. And we proceeded to a new sentencing hearing. Not only had the law of youthful offenders changed by the law changed in a case of Apprendi versus New Jersey. And this new sentencing hearing must have been conducted under the auspices under the rules set forth in Apprendi. In either the trial before Judge Shore, nor the proceedings before Judge Gorman, was there any finding by a trier of fact beyond the reasonable doubt of aggravating factors. In fact, Judge Gorman was given a post sentencing motion, where we alerted her to the fact that she hadn't followed Apprendi. She told us that she would not rule from the bench, but rather rule in a written opinion so that your honors would have the benefit of her reasoning. And weeks later, her written opinion came back and said motion is denied, absent any finding beyond a reasonable doubt. The judge did make Judge Gore did make two findings that she stated on the record. One of those was, I'm sorry. One of those was as follows, quote, and Mr. Railey, I have nothing but compassion for the young man that you were, and the things you had to endure when you were a child. People failed you who should have loved you. And that quite candidly breaks my heart. Your childhood, as your attorney said, was chaotic. I cannot imagine being a kid relying on people that were supposed to protect you and have you endure the thought of feeling that you weren't lovable enough. That's the judge at the superseding record at pages 41 and 42. The second finding, if you will, that the judge made was, quote, I have considered your potential for rehabilitation and things that you have done in prison. And I commend you for those things that you have done to make your life better. That's superseding record page 43. Even though those were the statements of the sentencing judge, she re-sentenced Brett to two 50-year sentences to run concurrently and a 50-year sentence to run consecutively. As noted in our brief, Brett's efforts of rehabilitation that are set forth in the court and recognized by the trial judge offer proof that even under a de facto sentence of life, even when he had no hope of ever getting out of prison, this young man strove to improve his statute, 17-year-olds are not 42-year-old men as Brett is today. In order for the judge to have sentenced Brett to a de facto life sentence, she would have to have found that he was permanently incorrigible. He is not. She would have to have found that he was irretrievably depraved. He is not. She would have to have found that he was irreparably corrupt, and he is not. This young man has done all that he could in prison to improve his life. He is worthy of your reversing the sentence and re-sentencing him to the maximum on each count, 30 years at 50%, so that in a few years, he can expect parole. Of course, if the justices have any questions, I'd be happy to answer them. What's the standard of review for our court on this matter?  30 years. So, you're asking for a 30-year sentence on each count? That's correct. The maximum allowable absent a finding beyond the reasonable doubt of an existing aggravating factor other than prior criminal conduct. And so, you're saying concurrent sentences? Two would be concurrent. One would be consecutive. So, the total would be 60 years to be served with day-for-day credit, and I think he has 25 or 26 years served. Okay. Are you going to argue the Apprendi? You paused here. I'm just inquiring. No, I think I presented the Apprendi argument and presented it in the brief. Of course, if you have any questions, I'd be happy to answer them, but I could not, I think, have been more clear than I was in the reply brief. Okay. Thank you. No, I don't. Any further questions from the bench? No. No? No? Judge, I'll reserve five minutes with the court's permission for rebuttal. Well, you will have five minutes for reply. Okay. Thank you. Mr. Nicolosi, you may respond. Good afternoon, your honors. May it please the court. Mr. Stone, my name is Justin Nicolosi. I represent the state of Illinois in this matter. Right off the top, your honor, I believe that the standard of review in this particular issue is whether or not the sentencing court abused its discretion in sentencing the defendant as it did. I think that what the defendant is really arguing here is that the sentencing court improperly weighed the considerations that were presented at the sentencing hearing, and the state submits that the trial court did not. Well, let me start over. This court is not to reweigh the fact that whatever the defendant is asking this court to do, the state should deny that request because the case law is clear that this review in court is not to reweigh the sentencing factors, especially in a case like this where the state would submit that the record is clear that the trial court did consider all relevant sentencing considerations. I think that the record here is clear based on especially the mitigation report that was tendered by the defense and the other arguments and evidence that was presented that all considerations regarding the defendant's youth and its intended characteristics and all the other factors that are listed under subsection 105A that a court is to consider with regards to a youthful offender were considered in this case. The sentencing court even commented on many of those factors such as the defendant's age, the impact of defendant's upbringing. Of course, that was a strong topic in that mitigation report. The court, the sentencing court even noted that it had compassion for what was described as chaotic upbringing. There's just no question that the court knew about this upbringing and considered it. That's all that's required by the sentencing court. The court's not required to go into detail as to how the process by which it arrived at its ultimate sentence. The court isn't required to mention anything, but the court here went above and beyond and did mention a lot of these factors, such as again, the impact of the tumultuous upbringing. The court also commented on his potential for rehabilitation. The sentencing court commended the defendant for the steps, the efforts that he was making in prison to improve his life and those sorts of things. Other factors under 105 that the court considered were the circumstances of defense, which, as Mr. Stone commented at the outset of his argument, were quite terrible in this case. The defendant, of course, entered the home of an 88-year-old woman who he did not know, forced her to commit vaginal and anal sexual intercourse, then told the woman he was going to and attacked her. Obviously, there are many more shocking crimes that anyone here has observed than this one. The court obviously required to consider the defense. Case law is clear that the court, the sentencing court, is not required to give a defendant's rehabilitation, rehabilitative potential, more weight than the seriousness of the offense. The state submits that the seriousness of the offense in this case is very heavy. It's entitled to the significant weight that the court provided it, even in light of the things the defendants already weighed. The state would submit that there are even more factors in 105A that the court commented on at sentencing, such as the defendant's participation in defense. Obviously, he's the only actor in this case. The court also commented on the defendant's juvenile history. Before he committed this offense, he had already committed some very serious offenses in the late 80s, early 90s. The state submits that the record is clear here that the sentencing court did consider the factors under 105. It considered the rehabilitative potential and he weighed that against all the other considerations at play here and came to what the state would submit is a proper sentence that this court should not reverse. The state adds that the court even went as far as the new sentencing judge did the same as the original sentencing judge. They both found that the defendant was irretrievably depraved, permanently incorrigible, and irreparably corrupt based on the evidence documentation from the court, and based on the seriousness of offense and other factors of play. Moving on to issue two, the state would submit that the defendant was properly sentenced to three sentences. The state submits that the court did make findings regarding the extended terms. In this case, as I argued in my brief or as I kind of conceded in my brief, the court could have been clearer in doing so. It wasn't maybe the most artful statement indicating its findings, but the state submits it suffices to establish that the court did find the factors qualifying for extended terms. The court made comments, I quote, I'm going to sentence you in committing the class act aggravated criminal sexual assault in the class act home invasion, extremely brutal and heinous behavior that warranted an extended term sentence because over 60, and I'm going to impose an extended term sentence as to count two and three. So the state submits that the findings are on the record, even though again, it could have been maybe a little more expressly stated, but the state submits the court was finding the extremely brutal and heinous factor regarding the sexual assault here. And of course, the state submits the evidence in this case finding quite considerably. And of course, there's no question regarding the home invasion count that the defendant was over or the victim was over six years old. Although as I argued in my brief, either factor would constitute an extended term sentence, the over 60 regarding home invasion and the extremely heinous, brutal and heinous aspect. Regarding the Apprendi issue, the defendant had mentioned and state submits that there was a finding and I cited case law in my brief that the finding does not need to be on a reasonable doubt because this was a bent trial, a stipulated event trial. It was not in front of the jury. So there are different standards that apply and the court's finding was proven and it was stated in the record. And that this court should affirm the finding of extended term sentence, six sentences on each count and the state would go back to each one and say that the farm aggregate sentence of 100 years. With that, if there are any other questions, I'd be happy to answer. I have no questions for you. Any other questions from the court? No. Okay. Thank you, Mr. Nicolosi. Mr. Stone, you may reply. Thank you, Judge. The state is just wrong when they say that the standard, the burden of proof and the standard of the court are different in a bench sentencing than they and we know that from the Swift case which the people cited and I quoted in the reply brief. According to Apprendi, quoting from the court in Swift, any factual finding which takes a sentence above the sentencing range must be proven to a jury beyond a reasonable doubt. In this case, the factual finding that the defendant's crimes were brutal and heinous was made by the circuit court and the state was not held to the appropriate burden of proof. Accordingly, the defendant's sentence cannot stand. In this case, the Raley case, I know that there was evidence that someone was over the age of 65 in the record but there never was a finding by either Judge Schor or Judge Gorman beyond a reasonable doubt as to an aggravating factor and that isn't some hyper-technicality that, quote, could have been more artful, close quote. It is the rule of law and when that was brought to the court's judge to do is say, you're right, I find by proof beyond a reasonable doubt the following aggravating factors, she didn't even do that and so if Apprendi means anything, it means what it says. You cannot extend the term longer than the statutory maximum unless there is a finding that those factors have been proved beyond a reasonable doubt. That's just not in this record, not in the first trial, not in the second sentencing and so for that, Apprendi requires you to say that the defendant's sentence cannot stand. As to the finding of the court, Judge Gorman, that Brett is right now, as he is sentenced today, permanently incorrigible, irretrievably depraved, irreparably corrupt, there is no proof of that anywhere in the record. It just doesn't exist. So it requires that the court, this court, reverse and re-sentence the defendant. Miller and Buffer are not suggestions that the court should follow. The statute for youthful offenders passed by our legislature and enacted into law are not suggestions that the court maybe should more artfully follow. They are the law and a youth's upbringing, his remorse, his rehabilitation and his redemption, now that he is an adult and is shown in this record clearly, cannot be ignored. As to whether or not the standard is an abuse of discretion or de novo, I believe the correct standard is de novo because the question of law is raised in our brief and on the record below. At least it is a question of law as to the Apprendi error, which makes this a de novo matter. With that, I appreciate the court's time this afternoon and I very much look forward to your ruling. Thank you, counsel, both for your arguments in this matter this afternoon. It will be taken under advisement.